**SPERO T. LAPPAS, Esquire**
Pa. Supreme Court ID No. 25745
Serratelli, Schiffman, Brown and Calhoon, P.C.
2080 Linglestown Road, Suite 201
Harrisburg, Pennsylvania 17110-9670
Telephone (717) 540-9170
**ATTORNEY FOR PLAINTIFFS**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *LAURIE HAINES,* <br> *and GARY HAINES* <br> *Individually,* <br> *and as Parents and Natural* <br> *Guardians of B.H.,*      *Plaintiffs* <br>      *v.* <br> *FORBES ROAD SCHOOL* <br> *DISTRICT,* <br>          *Defendant* <br><br> *LISA DAVIES, AS* <br> *THE ADMINISTRATRIX AND* <br> *PERSONAL* <br> *REPRESENTATIVE OF THE* <br> *ESTATE OF DAVID DAVIES,* <br>          *Defendant* | *1:07-CV-851-YK* <br><br> *JURY TRIAL DEMANDED* <br><br> *CHIEF JUDGE KANE* |

## FIRST AMENDED COMPLAINT

*Respectfully submitted,*

*SERRATELLI, SCHIFFMAN, BROWN & CALHOON, P.C.*

*BY:* _____
*SPERO T. LAPPAS, ESQUIRE*
*Attorneys for Plaintiffs*

## *PARTIES AND PRELIMINARY AVERMENTS*

1.    B.H. is a minor resident of the Middle District of
Pennsylvania.  Her date of birth is August 17, 1991.  She
resides in Fulton County with her parents Laurie and Gary
Haines who bring this action on her behalf.

2.    The Forbes Road School District (hereinafter "School
District")is a school district which operates in Fulton
County, Pennsylvania.

3.    a.    All of the Defendants' actions described within this
Complaint either <u>infra</u> or <u>supra</u>, were intentional,
malicious and taken in bad faith; in the alternative,
those actions were reckless; in the alternative, those
actions were negligent.

b.    None of those actions were privileged, or in the
alternative, any privilege which would have otherwise
attached was lost through abuse of a conditionally
privileged occasion.

c.    All such actions were the acts of the named defendant
to whom those acts are attributed, or in the alternative
they were the joint and mutual acts of all defendants
acting in concert and together.

4.    All of the Defendants' actions described within this

Complaint either _infra_ or _supra_, were taken under color of state law.

5.   All harms, damages, and injuries suffered by the Plaintiffs were the direct, legal and proximate results of the wrongful acts of each defendant as described in this Complaint; in the alternative, they were the direct, legal, and proximate results of the wrongful acts of all Defendants for which these Defendants are jointly and severally liable.

6.   This action is brought pursuant to 42 USC § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

7.   Jurisdiction is founded upon 28 USC § 1331 and 1341 and the aforementioned statutory and constitutional provisions.

8.   Plaintiffs further invoke the supplemental jurisdiction of this Court to hear and decide claims arising under State Law.

## FACTS

9.   During the 2005-2006 school year B.H. was a student of the Forbes Road School District.  She attended the Forbes Road High School where she was in 8th grade.

10.   During B.H.'s 8th grade school year, the Forbes Road School

District employed a teacher named David Davies.  Mr. Davies taught at the Forbes Road High School.

11.   Over a period of months, Mr. Davies sexually abused and molested B.H. by numerous and repeated acts of unlawful touching, indecent assault, aggravated indecent assault, fondling, and other sexually abusive conduct.

12.   He accomplished this abuse by requiring B.H. to accompany him off of school premises on a number of occasions.  On those occasions no other teacher, official, principal, or other employee of the Forbes Road High School interfered with this improper conduct.  No school employee impeded Davies' improper access to female students such as B.H.  No school employee made proper inquiry as to why Davies was taking students off of school premises during school hours.

13.   On other occasions, Davies removed B.H. from her scheduled classes by giving her passes or signing passes for her to leave class and meet him in other places throughout the school where sexual abuse would take place.

14.   Prior to and during the period of abuse, other employees and officials of the Forbes Road School District knew about Mr. Davies' proclivity to engage in improper conduct with female students.  Nonetheless no appropriate, effective, or adequate

steps were taken to protect students from those proclivities

15. During the period of abuse, other school employees and officials became aware that Mr. Davies was spending an inordinate amount of time with B.H. and became justly suspicious of the purpose of this attention. However, no proper inquiries were made and no corrective action was taken.

16. David Davies was arrested by officers of the Pennsylvania State Police on or about April 7, 2007. Thereafter, he was arraigned in accordance with the Pennsylvania Rules of Criminal Procedure. After being released on bail, he returned to his home and committed suicide on or about April 10, 2007.

17. An estate was opened for David Davies by his surviving widow, personal representative and administratrix, Lisa Davies. The estate was opened with the Registrar of Wills/Clerk of the Orphan's Court of Fulton County, Pennsylvania. The estate number is 28-2007.

18. Up until the time of his arrest, and at all relevant dates, David Davies was a school teacher at the Forbes Road School District. In that capacity he was the agent, servant, and employee of the Forbes Road School District. With

respect to all acts alleged in this Complaint, David Davies was acting under color state law.

19. One of his functions as a school teacher of the Forbes Road School District was to protect and serve the public, including the minor Plaintiff herein.

20. All of David Davies wrongful acts as alleged in this Complaint were made possible by David Davies' employment as a teacher of the Forbes Road School District.

21. By his actions, David Davies violated the minor Plaintiff's rights to freedom from the invasion of her personal security through sexual abuse, as guaranteed by the Fourteenth Amendment.

22. By his actions as averred in this Complaint, David Davies committed the state law torts of assault, battery, and the intentional infliction of emotional distress.

23. At all relevant dates, the Forbes Road School District did not have in place adequate procedures, policies, or safeguards to prevent sexual abuse such as the kind suffered by B.H.; nor did it have in place any effective policies, procedures, or safeguards to protect female students from sexual abuse by male teachers.

24. As a direct, legal, and proximate result of the wrongdoing

described in this Complaint, B.H. has suffered serious emotional pain, suffering, and damages. She has required and received mental health treatment for those conditions.

25. As a direct, legal, and proximate result of the wrongful conduct described in this Complaint, B.H.. has also suffered the physical and emotional trauma associated with unlawful and indecent sexual touching and abuse, and the loss of important federally guaranteed civil rights.

26. The actions of School District, including exposing B.H.. to the danger implicit in being subject to the educational authority of a teacher with the proclivities to abuse young female students, violated her rights under the United States Constitution, including her right to be free from state created danger and her right to enjoy substantive due process pursuant to the Fourteenth Amendment.

27. In this case, the harm ultimately caused, that being the sexual abuse of B.H.., was foreseeable and fairly direct.

28. The School District acted in wilful disregard for B.H..'s safety.

29. There was a special relationship between the School District and B.H...

30. The School District used its authority to create the

opportunity that otherwise would not have existed for David Davies's crime to occur.

31. The conduct of the Defendants shocks the conscience.

32. Furthermore, a special relationship existed between B.H.. and the School District.  Pursuant to that special relationship, the School District had a constitutional responsibility to protect her and their failure to do so violated her Fourteenth Amendment rights.

33. Pursuant to Fourteenth Amendment Due Process, the School District is  liable for the injuries and damages to B.H.. in that it created a danger which caused that harm.

34. The harm to B.H.. was the direct, legal, proximate, and foreseeable result of the misconduct of the defendants.

35. Pursuant to Fourteenth Amendment Due Process, the School District is  liable for the injuries to B.H.. in that the School District occupied a special relationship with her and because the School District entered into a relationship with her creating an affirmative duty to protect her, and subsequently breached that duty.

36. Pursuant to Fourteenth Amendment Due Process, the School District is  liable for the injuries to B.H.. in that the defendant created a danger which caused harm to her.

37.  Additionally, the abuse of the minor plaintiff was unlawful and unprivileged and the result of constitutionally inadequate training by the School District of the School District's employees.  The School District's failure to train its employees to deal with actual, apparent or suspected cases of abuse was the direct, legal and proximate cause of the harms to the minor plaintiff.  The School District's failure to provide adequate training to its employees constituted deliberate indifference to the presence of an excessive risk of danger to the health, welfare, and safety of the students of the School District.

38.  The parents of B.H.. have been damaged in that they have expended or incurred expenses for their daughter's therapy and alternative education costs.

## COUNT 1
### LAURIE HAINES, and GARY HAINES
*v.*
### FORBES ROAD SCHOOL DISTRICT, Defendant

39.   All other paragraphs of this complaint are incorporated into this count by reference thereto.

40.   WHEREFORE, the Plaintiffs request that this Court enter judgment on their behalf and against this Defendant for damages in an amount to be determined at trial, plus costs of litigation, plus reasonable attorney's fees.

## COUNT 2
### LAURIE HAINES, and GARY HAINES for B.H.
*v.*
### FORBES ROAD SCHOOL DISTRICT, Defendant

41.   All other paragraphs of this complaint are incorporated into this count by reference thereto.

42.   WHEREFORE, the Plaintiffs, on behalf of B.H.., request that this Court enter judgment on their behalf and against this Defendant for damages in an amount to be determined at trial, plus costs of litigation, plus reasonable attorney's fees.

## COUNT 3
### LAURIE HAINES, and GARY HAINES
### V.
### LISA DAVIES,
### AS ADMINISTRATIX AND PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID DAVIES, DEFENDANT

43.  All other paragraphs of this complaint are incorporated into this count by reference thereto.

44.  WHEREFORE, the Plaintiffs request that this Court enter judgment on their behalf and against this Defendant for damages in an amount to be determined at trial, plus costs of litigation, plus reasonable attorney's fees.

## COUNT 4
### LAURIE HAINES, and GARY HAINES for B.H.
### V.
### LISA DAVIES,
### AS ADMINISTRATIX AND PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID DAVIES, DEFENDANT

### FEDERAL CIVIL RIGHTS ACTION

45.  All other paragraphs of this complaint are incorporated into this count by reference thereto.

46.  WHEREFORE, the Plaintiffs, on behalf of B.H.., request that this Court enter judgment on their behalf and against this Defendant for damages in an amount to be determined at trial, plus costs of litigation, plus reasonable attorney's

fees.

## COUNT 5
### LAURIE HAINES, and GARY HAINES for B.H.
### V.
### LISA DAVIES,
### AS ADMINISTRATIX AND PERSONAL REPRESENTATIVE OF
### THE ESTATE OF DAVID DAVIES, DEFENDANT

### State Law Claims for Assault, Battery, and Intentional Infliction of Emotional Distress

47.  All other paragraphs of this Complaint are hereby incorporated into this count.

48.  WHEREFORE, the Plaintiffs demands judgment against this Defendant for compensatory and punative damages, costs of this litigation, and reasonable attorney's fees.

## COUNT 6
### LAURIE HAINES, and GARY HAINES for B.H.
### V.
### ALL DEFENDANTS

49.  All other paragraphs of this complaint are incorporated into this count by reference thereto.

50.  WHEREFORE, the Plaintiffs, on behalf of B.H.., request that this Court enter judgment on their behalf and against these Defendants jointly and severally for damages in an amount to be determined at trial, plus costs of litigation, plus reasonable attorney's fees

*Respectfully submitted,*

*SERRATELLI, SCHIFFMAN, BROWN AND CALHOON, P.C.*

By: _____

SPERO T. LAPPAS, ESQUIRE
PA. SUPREME CT. ID NO. 25745
2080 LINGLESTOWN ROAD, SUITE 201
HARRISBURG, PA  17110-9670
(717) 540-9170
ATTORNEYS FOR THE PLAINTIFFS