## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAURIE HAINES and GARY HAINES,** individually and as parents and natural guardians of B.H.,     Plaintiffs | |
| v. | Civil Action No. 1:07-cv-00851 |
| | (Chief Judge Kane) |
| **FORBES ROAD SCHOOL DISTRICT** and **LISA DAVIES,** as the Administratrix and Personal Representative of the Estate of David Davies,     Defendants | |
| ................................... | |
| **DEBRA WHITMAN and SCOTT WHITMAN,** individually, and as parents and natural guardians of P.W.,     Plaintiffs | |
| v. | Civil Action No. 1:07-cv-00852 |
| | (Chief Judge Kane) |
| **FORBES ROAD SCHOOL DISTRICT,** and **LISA DAVIES,** as the Administratrix and Personal Representative of the Estate of David Davies,     Defendants | |

### MEMORANDUM

Before the Court are Forbes Road School District's motions for summary judgment against all Plaintiffs. (Doc. No. 87.)[1] Plaintiffs' brief in opposition responds only to Defendant's

---

[1] Defendant Forbes Road School District and the Estate of David Davies were co-defendants in two actions brought by Plaintiffs Haines and Plaintiffs Whitman, respectively; the two cases alleged and relied upon similar and related facts. The parties jointly requested to consolidate the two cases on January 5, 2009, which was agreed upon by the Court on January 6, 2009. Therefore, while essentially the same allegations, motions, and documents have been filed in each case, the motions were initially docketed separately though they will be treated together

position that Defendant Forbes Road could not be liable to Plaintiffs for a violation of § 1983 under a theory of "failure to train," conceding that Defendant Forbes Road is not liable under a *respondeat superior* theory or a "policy or custom" theory of Monell liability. (Doc. Nos. 94 & 97.) Having duly considered all arguments and applicable law, the Court finds that summary judgment will be granted in favor of Defendant.

**I. BACKGROUND**

During the 2005-2006 school year, two girls, P.W. and B.H., were sexually assaulted by David Davies, History and Earth Science teacher at Forbes Road Junior/Senior High School. (Doc. No. 83 ¶¶ 1-2, Doc. No. 86 ¶¶ 1-2.)[2] B.H. was in the eighth grade at the time, and P.W. was in the ninth grade. (Doc. Nos. 84 ¶ 1 and 87 ¶ 1.) On March 30, 2006, P.W. reported to the school secretary, Mrs. Hohman, that Davies sexually assaulted her by touching her legs, chest, and buttocks while she was alone with him in his classroom. (Doc. No. 83 ¶¶ 5-9.) Hohman asked P.W. to complete a complaint form regarding the harassment and instructed her to tell her parents about the incident. (Doc. No. 83 ¶¶ 12-13.) Hohman then telephoned the principal, James Heroux, and the superintendent, Larry Palmer, who were absent from the building that day, to inform them of P.W.'s allegations against Davies. (Doc. No. 83 ¶¶ 10 & 14.) State police arrived at the school the following day to investigate P.W.'s allegations, and Davies was suspended from teaching the following Monday. (Doc. No. 83 ¶¶ 15-17.)

B.H. alleges even more extensive incidents of sexual abuse by Davies. Beginning around

---

for purposes of this motion.

[2]Doc. No. 83 is the Statement of Material Facts ("SMF") from Whitman v. Forbes (1:07-cv-00852); Doc. No. 86 is the SMF from Haines v. Forbes (1:07-cv-00851). Plaintiffs responses to the SMFs appear, in fact, to have been filed incorrectly, with the answer to the Whitman statement having been filed as Doc. No. 98 in the Haines case, and the answer to the Haines statement having been filed as Doc. No. 95 in the Whitman case.

September 2005, Davies began touching her shoulder or leg, kissing, and verbally soliciting her during class and while they were alone in his classroom. (Doc. No. 86 ¶¶ 6-7.) Starting around January 2006 and continuing through March 29, 2006, Davies privately touched B.H. in a sexually explicit manner and forced her to touch him. (Doc. No. 86 ¶ 8.) This abusive conduct occurred on several occasions in Davies' classroom, in the closet of Davies' former classroom, and at various other locations around the school. (Doc. No. 86 ¶¶ 9-10.) Davies would accomplish the illicit conduct during school hours by giving B.H. a "passport"[3] out of one of her other classes to accompany him to another location in the building. (Doc. No. 86 ¶ 27.) B.H.'s other teachers were aware that she was leaving class to see Davies, but because Davies gave passports to other students for study purposes, B.H.'s teachers did not suspect inappropriate behavior. (Doc. No. 86 ¶ 27.) B.H. did not report any inappropriate conduct until she revealed the abuse to Hohman during a ride home from school on March 31, 2006, one day after P.W. reported her incident. (Doc. No. 86 ¶ 13.) Hohman told B.H. to make a report to the state police, and state police later spoke with B.H. on April 6, 2006 about the abuse. (Doc. No. 86 ¶¶ 14-17.)

Although all staff and officials at Forbes Road School District deny having any knowledge of the sexual abuse perpetrated by Davies prior to March 30, 2006, some teachers did overhear rumors by students regarding Davies' relationship with B.H. (Doc. No. 86 ¶¶ 23-29, Doc. No. 83 ¶¶ 18, 23.) For example, one student suggested to another teacher, Mrs. Vollbrecht, who was looking for B.H., that Davies was B.H.'s "boyfriend" and that maybe he would know where she was. (Doc. No. 94, at 10.) Mrs. Vollbrecht took the suggestion as a joke and made no

---

[3] A "passport" appears to be the equivalent of a hall pass; it is a signature in a student's day planner made by one teacher to signify permission to allow a student to leave another teacher's class for further study or tutoring.

investigation. (Doc. No. 94, at 10.) Additionally, a year prior to the incident, P.W. and a friend, Shauna Shoop, reported to guidance counselor Gayle Swales that Davies made sexually "inappropriate comments" during class, however no action was taken against Davies. (Doc. No. 86 ¶ 29, P.W. Dep. at 5.) No other complaints of inappropriate sexual conduct by Davies were made to teachers or to officials at the Forbes Road School District. (Doc. No. 83 ¶¶ 18-19, Doc. No. 86 ¶¶ 23-24.)

During the period at issue, Forbes Road had three written policies regarding sexual harassment of students by teachers. (Doc. No. 83 ¶ 3, Doc. No. 86 ¶ 3.) However, all record evidence demonstrates that the students and teachers at the school were largely unaware of any official policies regarding harassment, and the policies do not appear to have been updated in at least the past six years. (Doc. No. 83 ¶ 3 n.2, Doc. No. 95 ¶ 3, Doc. No. 98 ¶ 3.) Notably, one policy directs students to contact Mrs. King, the Affirmative Action Officer, with reports of sexual harassment, however Mrs. King had resigned from the position at least six years prior to the events at issue here. (Doc. No. 83 ¶ 3.)

It is undisputed that once the sexual abuse was reported, police were called upon to investigate the situation, and Davies had no further incidence of sexual misconduct with a student before being suspended. However, Davies was not prevented from re-entering the school building or calling P.W. after the investigation began. (Doc. No. 98 ¶ 20.) Davies later committed suicide on April 10, 2006, shortly after the investigation began and prior to the start of this litigation.

In light of the above facts, Defendant Forbes Road School District moves for summary judgment on the basis that Plaintiffs have not proved it is liable under 42 U.S.C. § 1983.

Plaintiffs base their § 1983 claim against Defendant Forbes Road on a "failure to train" theory of liability.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides, in relevant part, that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). At summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law. Id. at 251-52. In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails

to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322.

With respect to the sufficiency of the evidence that the nonmoving party must provide, a court should grant summary judgment where the nonmovant's evidence is merely colorable, conclusory, or speculative. Anderson, 477 U.S. at 249-50. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

**III. DISCUSSION**

Plaintiffs and Defendant each acknowledge that Forbes Road School District cannot be liable for § 1983 claims under a theory of *respondeat superior*. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). Plaintiffs instead seek to establish liability on the theory that there was a failure to train the staff at Forbes Road Junior/Senior High School that amounts to a deliberate indifference to the rights of the students at the school. City of Canton v. Harris, 489 U.S. 378, 388 (1989); Carswell v. Borough of Homestead, 381 F.3d 235, 244 (3d Cir. 2004); Reitz v. County of Bucks, 125 F.3d 139, 144-45 (3d Cir. 1997). Defendant relies almost exclusively on an unreported Third Circuit opinion, which will guide the Court in its decision but is not binding. Kline ex rel. Arndt v. Mansfield, 255 Fed.Appx. 624 (3d Cir. 2007) (holding a school district not liable under a failure to train theory where there was no pattern of abuse and no proof officials knew the abuse was occurring).

To sustain a "failure to train" claim, in addition to showing that the failure to train

amounts to a deliberate or conscious choice, a plaintiff must also show a causal nexus between the failure to train and the violation of her constitutional rights. Reitz, 125 F.3d at 145. A plaintiff in a failure to train claim usually shows deliberate indifference through exposing a pattern of constitutional violations that proper training would have prevented. Berg v. County of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000). However, a plaintiff could also succeed on a failure to train claim through the more narrow theory of demonstrating that the single occurrence of a constitutional violation was a highly predictable consequence of the failure to train employees. Id. In other words, a school district may be liable for failing to identify or investigate claims of abuse, but a plaintiff "must do more than show the defendant could have averted her injury and failed to do so;" she must establish "something more culpable than a negligent failure to recognize a high risk of harm." Black v. Indiana Area Sch. Dist., 985 F.2d 707, 712 (3d Cir. 1993); Colburn v. Upper Darby, 946 F.2d 1017, 1025 (3d Cir. 1991). This is a difficult threshold to meet, designed to ensure that the public entity will not be held liable unless it was the "moving force" behind the injury and to prevent liability of an entity based solely on the conduct of its employees. Reitz, 125 F.3d at 145 (quoting Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397 (1997)).

     Plaintiffs P.W. and B.H. have not demonstrated a pattern or practice of constitutional violations by the Defendant to allow for liability under a "pattern or practice" theory. While Plaintiffs have provided facts to support their claim of constitutional violations by Davies, the caselaw on school district liability requires much more. Plaintiffs must show a pattern or practice of constitutional violations sufficient to put the district on notice that action was required. Here, Plaintiffs point only to vague rumors and identify two unfounded allegations of prior sexual

abuse by school district employees; one by a bus driver and another by a teacher. (Doc. No. 83 ¶¶ 22-23.) However, the accusations against the bus driver were recanted and those against the other teacher, Mr. Cover, have never been supported above the level of rumor or speculation, something rampant in a high school. (Doc. No. 83 ¶¶ 22-23.) The mere speculation of other occurrences of abuse is insufficient to withstand a motion for summary judgment. Anderson, 477 U.S. at 249-50; Johnson v. Elk Lake Sch. Dist., 283 F.3d 138 (3d Cir. 2002) (expressing resistance "to impose on the [school] district an obligation to treat as true, all rumors, until proven otherwise" in a high school setting "notoriously rife with adolescent gossip"). Plaintiffs' own allegations of abuse to P.W. and B.H. are also insufficient to establish a pattern of abuse. These instances of abuse were reported to school officials simultaneously: on March 30, 2006, and March 31, 2006. Therefore, no pattern could have been formed that would put the school district on notice that its failure to train teachers regarding sexual abuse caused the constitutional violations.

  Rather than affording a school district a "free pass" for the first instance (or two) of sexual abuse occurring within its walls, in cases where it is plainly obvious a constitutional violation is likely to occur, the need to show a pattern of past violations becomes unnecessary to establish notice. Id. at 408-09. Thus, Plaintiffs might also support a failure to train claim by establishing that the abuse they suffered is "a highly predictable consequence of the failure to train and thereby [would] justify a finding of 'deliberate indifference' by policy makers." Id. at 409. Plaintiffs must also prove that the failure to train specifically caused the violation at issue or made it "plainly obvious." Bryan County, 520 U.S. at 412 ("A finding of culpability simply cannot depend on the mere probability that any officer inadequately screened will inflict any

constitutional injury. Rather, it must depend on a finding that this officer was highly likely to inflict the particular injury suffered by the plaintiff.").

Plaintiffs have not proven that owing to the deficiencies in the school district's sexual harassment policy it is highly probable or obvious that the Forbes Road teachers would be confronted with difficulty identifying or reporting sexual abuse. Although the possibility of sexual abuse is, regrettably, all too frequent in the news today, it is not obvious, that a teacher confronted with complaints or probable rumors of sexual abuse would not report those incidents to police or to school officials absent proper training and refined reporting procedures. Further, it is unclear from Plaintiffs' evidence that the staff's collective failure during depositions to identify the precise administrator to whom they should report knowledge of sexual abuse actually prevented staff from reporting abuse to an effective source. In fact, the opposite occurred: the one staff member who was informed of alleged abuse swiftly took action to inform the principal, superintendent, and police of the allegations.

Second, even assuming the Court found that the individualized student attention inevitably occurring in a high school environment, particularly that allowed by the passport system at Forbes Road Junior/Senior High School, did predictably lead to sexual abuse, and that the failure of guidance counselor Swales to investigate or to inform school officials of P.W.'s complaint regarding Davies' "inappropriate comments" during class amounts to deliberate indifference, Plaintiffs' evidence cannot prove that increased training into either the symptoms of sexual abuse or reporting duties would have prevented the abuse.

In this case, at the time P.W. made the complaint to Swales, there is no evidence that a constitutional violation was occurring. There is no evidence that any teacher knew or suspected

sexual abuse was occurring and failed to report or to identify it due to improper knowledge or training. The law places on Plaintiffs, regardless of how severe their injuries or how offensive the conduct of a trusted teacher, a high burden of showing that a Defendant school district acted with more than negligence or even gross negligence. Plaintiffs are required to show not only that Defendant was purposefully indifferent to a constitutional violation that was highly likely to occur, but also that Defendant's indifference actually caused the violation. The burden is simply too high for Plaintiffs to prove on this set of facts, even in the face of a less than heroic effort on the part of the school district to establish and publish procedures regarding sexual harassment.

     For the foregoing reasons, Plaintiffs cannot demonstrate liability on the part of the Defendant School District under §1983. Accordingly, the § 1983 claims against Defendant Forbes Road School District will be dismissed, and Defendant cannot be held "jointly and severally liable" with Davies. Summary judgment will be granted in favor of Defendant and the School District is hereby dismissed, with prejudice.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAURIE HAINES and GARY HAINES,** individually and as parents and natural guardians of B.H.,     Plaintiffs | : : : : :   **Civil Action No. 1:07-cv-00851** |
| v. | :   **(Chief Judge Kane)** |
| **FORBES ROAD SCHOOL DISTRICT** and **LISA DAVIES,** as the Administratrix and Personal Representative of the Estate of David Davies,     **Defendants** | |
| . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| **DEBRA WHITMAN and SCOTT WHITMAN,** individually, and as parents and natural guardians of P.W.,     Plaintiffs |   **Civil Action No. 1:07-cv-00852** |
| v. |   **(Chief Judge Kane)** |
| **FORBES ROAD SCHOOL DISTRICT,** and **LISA DAVIES,** as the Administratrix and Personal Representative of the Estate of David Davies,     **Defendants** | |

## ORDER

**AND NOW,** this 13th day of January 2009, upon consideration of Defendant Forbes Road School District's Motion for Summary Judgment (Doc. No. 87 ), for the reasons stated in the attached memorandum, **IT IS HEREBY ORDERED** that summary judgment is **granted** in favor of Defendant Forbes Road School District. The Clerk of Court is directed to enter judgment

in favor of Defendant Forbes Road School District and against Plaintiffs Whitman and Haines.

The Clerk of Court is directed to terminate Defendant Forbes Road School District.

s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
