## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURIE HAINES and GARY HAINES, | : | |
| individually and as parents and natural | : | |
| guardians of B.H., | : | |
|     Plaintiffs | : | Civil Action No. 1:07-cv-00851 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| LISA DAVIES, as the | : | |
| Administratrix and Personal | : | |
| Representative of the Estate of David | : | |
| Davies, | : | |
|     Defendant | : | |
| | : | |
| . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | : | |
| | : | |
| DEBRA WHITMAN and SCOTT | : | |
| WHITMAN, individually, and as | : | |
| parents and natural guardians of P.W., | : | |
|     Plaintiffs | : | |
| | : | Civil Action No. 1:07-cv-00852 |
| v. | : | |
| | : | (Chief Judge Kane) |
| LISA DAVIES, as the | : | |
| Administratrix and Personal | : | |
| Representative of the Estate of David | : | |
| Davies, | : | |
|     Defendant | : | |

## MEMORANDUM

Before the Court is Defendant Davies Estate's motion in limine to exclude 1) all evidence

relating to Davies' suicide; 2) evidence of future damage; 3) any expert witnesses; and 4) a

variety of documents that include inadmissible hearsay. (Doc. No. 104.) Plaintiffs responded with

a brief in opposition and supplemented that by affirming during the pre-trial conference that they

will not introduce the contested hearsay documents except as necessary upon cross-examination.

**BACKGROUND**

During the 2005-2006 school year, two girls, P.W. and B.H., allege that they were

sexually assaulted by David Davies, History and Earth Science teacher at Forbes Road

Junior/Senior High School. (Doc. No. 83 ¶¶ 1-2, Doc. No. 86 ¶¶ 1-2.)[1] B.H. was in the eighth

grade at the time, and P.W. was in the ninth grade. (Doc. Nos. 84 ¶ 1 and 87 ¶ 1.) On March 30,

2006, P.W. reported to the school secretary, Mrs. Hohman, that Davies sexually assaulted her by

touching her legs, chest, and buttocks while she was alone with him in his classroom. (Doc. No.

83 ¶¶ 5-9.)

B.H. alleges even more extensive incidents of sexual abuse by Davies. Beginning around

September 2005, Davies began touching her shoulder or leg, kissing, and verbally soliciting her

during class and while they were alone in his classroom. (Doc. No. 86 ¶¶ 6-7.) Starting around

January 2006 and continuing through March 29, 2006, Davies privately touched B.H. in a

sexually explicit manner and forced her to touch him. (Doc. No. 86 ¶ 8.) B.H.'s teachers did not

suspect inappropriate behavior, although there allegedly were rumors circulating around the

school that B.H. was Davies' "boyfriend," and prior to the incident, P.W. had reported to

guidance counselor Gayle Swales that Davies made "inappropriate comments" during class.

(Doc. No. 86 ¶¶ 23-29, Doc. No. 83 ¶¶ 18, 23, Doc. No. 94, at 10.) B.H. did not report any

inappropriate conduct until she revealed the abuse to Hohman during a ride home from school on

March 31, 2006, one day after P.W. reported her incident. (Doc. No. 86 ¶ 13.) Hohman told B.H.

---

[1]Doc. No. 83 is the Statement of Material Facts ("SMF") from Whitman v. Forbes (1:07-cv-00852); Doc. No. 86 is the SMF from Haines v. Forbes (1:07-cv-00851). Plaintiffs responses to the SMFs appear, in fact, to have been filed incorrectly, with the answer to the Whitman statement having been filed as Doc. No. 98 in the Haines case, and the answer to the Haines statement having been filed as Doc. No. 95 in the Whitman case.

to make a report to the state police, and state police later spoke with B.H. on April 6, 2006 about

the abuse. (Doc. No. 86 ¶¶ 14-17.)

Davies was suspended from teaching on April 3, 2006, and committed suicide on April

10, 2006, two days after he was released on bail and prior to the start of this litigation. (Doc. No.

102, at 9.) An Estate for David Davies was opened by Lisa Davies, widow of David Davies, for

purposes of litigation only.

## II. DISCUSSION

At the outset, the Court notes the parties' agreement concerning the extent of evidence

that is properly offered concerning Davies' suicide.  Plaintiffs no longer plan to offer autopsy

photographs and the suicide note.  Rather, we discuss here the fact of the suicide.

### A. Admissibility of the Fact of Suicide

As Defendant's brief concedes, suicide is generally regarded as circumstantial evidence

of guilt, comparable to flight. See United States v. Cody, 498 F.3d 582 (6th Cir. 2007); Johnson

v. Sublett, 63 F.3d 926 (9th Cir. 1995); Tug Raven v. Trexler, 419 F.2d 536 (4th Cir. 1969);

United States v. Johnson, 354 F.Supp.2d 939 (N.D.Iowa 2005). Because Defendant contests

Plaintiffs' allegations of abuse by Davies, and suicide is probative of guilt, evidence of the

suicide is relevant under Rule 401. Fed. R. Evid. 401 ("'Relevant evidence' means evidence

having any tendency to make the existence of any fact that is of consequence to the determination

of the action more probable or less probable than it would be without the evidence.").

Exculpatory notes accompanying the suicide do not make the suicide irrelevant, they only combat

the inference to be drawn from the suicide.

Although relevant, the evidence may nonetheless still be inadmissible if the Court finds

that evidence of Davies' suicide is unfairly prejudicial and should be excluded under the

balancing test of Rule 403. Fed. R. Evid. 403 ("[E]vidence may be excluded if its probative value

is substantially outweighed by the danger of unfair prejudice. . . ."). Nonetheless, there is a

preference for admitting all relevant evidence (Fed. R. Evid. 402), and the prejudice to Defendant

must be not only *substantially* outweighed by the prejudice, but the prejudice must also be *unfair*.

As Defendant points out in its brief, suicide is viewed by some as a sinful, immoral,

violent act, and therefore may be prejudicial. However, this possibility exists with every suicide

or suicide attempt, and evidence of suicide is often allowed in courts. See e.g., Dale Gilsinger, 73

American Law Reports 5th 615 § 2[a]. Defendant has made no special distinction that evidence

of Davies' suicide would raise particular concerns of prejudice such that the probative value

would be substantially outweighed by unfair prejudice *per se.* Absent such a showing at trial, the

fact, but not the details of Davies' suicide will be admitted at trial and Defendant's motion in

limine is denied.

### B. Future Damages

Defendant next argues that evidence of future damages is inadmissible because no

evidence has been presented that would establish "with a reasonable certainty" that Plaintiffs will

sustain future emotional injuries as a result of the alleged abuse by Davies.

Defendant's own case, Stengel v. Belcher, does not support Defendant's proposition. The

case affirmed a compensatory damages award that included future damages where "the jury could

infer that [plaintiff] would continue to have such pain in the future" from testimony as to the

plaintiff's pain at the time of injury and his hospital records, which included his diagnoses. 522

F.2d 438, 445 (6th Cir. 1975). P.W. and B.H.'s testimony and therapy records in this case are

4

comparable to the evidence in <u>Stengel</u>, from which a jury, affirmed by the Sixth Circuit, was able to infer that Stengel was "reasonably certain" to continue to experience future pain from the injury caused by the defendant.

Pennsylvania law does support the proposition that reasonable certainty of future damages is required, but also states that "[w]hile the trier of fact may not use sheer conjecture as a basis for arriving at a verdict, it may use a measure of speculation in aiming at a verdict or an award of damages, and an even greater degree of flexibility is granted in regard to testimony concerning prospective or future damages." <u>Delahanty v. First PA Bank</u>, 464 A.2d 1243, 1257 (Pa. Super. Ct. 1983).

The fact that Plaintiffs have no expert witness testimony is not dispositive of their ability to support a finding of future injury. <u>Lightning Lube, Inc. v. Witco Corp.</u>, 4 F.3d 1153, 1175 (3d Cir. 1993) (finding that a lay witness' opinions regarding future lost profits were sufficient to support a jury finding of future damages). Of course, <u>Lightning Lube</u> was determined before the 2000 Amendments to the Federal Rules of Evidence, which curbed attempts to end-run the expert witness requirement by clarifying that a lay witness cannot testify to an opinion which is "based on scientific, technical, or other specialized knowledge," but the reasoning of <u>Lightning Lube</u>, that a lay witness may still provide sufficient evidence to support a finding of future damages, still applies. Fed. R. Evid. 701, and *2000 Advisory Committee Note* ("The amendment does not purpose to change [Lightning Lube's] analysis." ).

Plaintiffs are likely to present evidence as to their injury, diagnosis, treatment, and personal pain and suffering from the time of the alleged abuse until trial. The Court finds that such evidence could be sufficient to provide reasonable certainty that Plaintiffs will continue to

incur pain as a result of the alleged abuse, and therefore Defendant's motion to exclude evidence

of future damages is denied.

### C. Expert Witnesses and Reports

Defendant next moves to preclude any expert witness testimony or expert report, alleging

that Plaintiffs have failed to disclose in advance the report of any testifying expert.

Federal Rule of Civil Procedure 26(a)(2) requires disclosure of the identity of any expert

witness and also the submission of an expert report for any *retained* expert witness. Fed. R. Civ.

P. 26(a)(2)(A)-(B). These disclosures must be made "in the sequence the court orders" or "at

least 90 days before the date set for trial." Fed. R. Civ. P. 26(a)(2)(C).

Rule 37(c)(1) states that when a party fails to make the required 26(a) disclosures, "the

party is not allowed to use that information or witness to supply evidence . . . at trial unless the

failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c). The Third Circuit also

requires that the Court consider four factors before prohibiting evidence: "(1) the prejudice or

surprise of the party against whom the excluded evidence would have been admitted; (2) the

ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would

disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or

wilfulness in failing to comply with a court order or discovery obligation." Nicholas v.

Pennsylvania State University, 227 F.3d 133, 148 (3d Cir. 2000). The Third Circuit also

considers the importance of the excluded testimony. Konstantopoulos v. Westvaco Corp., 112

F.3d 710, 719 (3d Cir. 1997).

Plaintiffs made no such disclosures until they included the name of Cynthia Stauffer,

B.H. and P.W.'s treating psychologist, in the pre-trial memorandum as a possible expert witness.

This disclosure occurred four weeks before trial and approximately five months after the expert report submission deadline of this Court. Plaintiffs respond only by stating that they "have submitted the complete therapy records of treatment administered to the minor Plaintiffs along with the names, addresses of all therapists. Accordingly, the Defendants have proper notice . . . ." (Doc. No. 116, at 12.)

Plaintiffs have explained that, as a treating psychologist, Stauffer is in the possession of facts and observations not subject to Rule 26(a). Indeed, Defendant concedes that a doctor may testify as a treating physician to the diagnosis of the Plaintiffs as contained in the treatment notes while not testifying as an expert if counsel does not elicit expert opinion testimony. Fed. R. Evid. 701, *2000 Advisory Committee Note* ("The amendment does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*. Certainly it is possible for the same witness to provide both lay and expert testimony in a single case."); see also, Allen v. Parkland Sch. Dist., 230 Fed.Appx. 189 (3d Cir. 2007) (unpublished opinion); Collins v. Prudential Inv. and Retirement Svcs., 119 Fed.Appx. 371 (3d Cir. 2005) (unpublished opinion). Rule 701 provides that a non-expert witness may nonetheless testify to an opinion, provided that the opinion is not "based on scientific, technical, or other specialized forms of knowledge within the scope of Rule 702." Fed. R. Evid. 701. Thus, to the extent that Stauffer will testify concerning her treating observations and diagnosis, her testimony is allowed, limited to the psychological evaluations of B.H. and P.W. dated July 18, 2006. To the extent that Plaintiffs seek to offer Stauffer as an expert witness on future damages or an additional undiagnosed disorder, Plaintiffs run afoul of Rule 37 of the Federal Rules of Civil Procedure.

At this stage it is not at all clear that Plaintiffs are offering the witness as an expert.

Plaintiffs have failed to submit substantial justification for the failure to satisfy the disclosure obligations of Rule 26 of the Federal Rules of Civil Procedure. Permitting such testimony would result in significant prejudice to Defendant. Defendant has not deposed Stauffer on her "expert" credentials or medical opinions because it was unaware she might be testifying as an expert, nor has Defendant prepared a responsive expert witness. Plaintiffs have made no effort to cure the failure to disclose; they still have not confirmed whether they will be calling Stauffer as an expert, so Defendant has been unable to prepare for such testimony at trial. At this late date, allowing an expert witness to appear would require substantial delay so that Defendant could depose Stauffer, and potentially prepare its own responsive expert witness. Plaintiffs have also made no attempt to defend their failure to provide the required disclosures. Therefore, the Court finds that Plaintiffs' failure to comply with the Rules of Civil Procedure was wilful. Finally, the Court finds that the testimony is not of critical importance to Plaintiffs' case. As discussed above, Plaintiffs will still be allowed to present Stauffer as a lay witness. Thus, she will be able to testify as to her personal knowledge, diagnosis, and treatment (supporting Plaintiffs' damages claims); she simply will not be able to testify as to the causation of Plaintiffs' injuries or to opinions based on medical or scientific knowledge. Accordingly, preclusion of the non-disclosed expert testimony is an appropriate sanction in this case.

**D. Hearsay Documents**

Lastly, Defendant seeks to preclude hearsay statements in the following exhibits proffered by Plaintiffs: the police reports, written statement of Jessica Wollbrecht, P.W. and B.H.'s therapy records, Tia Edwards' handwritten document, letters regarding Janet Berry, e-mails regarding David Davies' computer activity, and Robin Feight's statement. Plaintiffs have answered this

objection by stating that they do not plan to introduce any of the documents mentioned by

Defendant except possibly upon cross-examination.

Accordingly, Defendant's motion is denied on this issue.

**CONCLUSION**

As stated in the foregoing memorandum, Defendant's motion in limine is denied except

to the extent Plaintiffs seek to introduce an expert witness or report.

An order consistent with this memorandum follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LAURIE HAINES and GARY HAINES,    :
individually and as parents and natural    :
guardians of B.H.,    :
    Plaintiffs    :    **Civil Action No. 1:07-cv-00851**
    :
v.    :    **(Chief Judge Kane)**
    :
LISA DAVIES, as the    :
Administratrix and Personal    :
Representative of the Estate of David    :
Davies,    :
    Defendant    :
    :
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    :
    :
DEBRA WHITMAN and SCOTT    :
WHITMAN, individually, and as    :
parents and natural guardians of P.W.,    :
    Plaintiffs    :
    :    **Civil Action No. 1:07-cv-00852**
v.    :
    :    **(Chief Judge Kane)**
LISA DAVIES, as the    :
Administratrix and Personal    :
Representative of the Estate of David    :
Davies,    :
    Defendant    :

## ORDER

**AND NOW** this 9th day of February 2009, upon consideration of Defendant Davies

Estate's motion in limine (Doc. No. 104), **IT IS HEREBY ORDERED** that the motion is

granted in that Plaintiffs are precluded from introducing an expert witness and denied in all other

respects. **IT IS FURTHER ORDERED** that Defendant Forbes Road School District's motion in

limine (Doc. No. 102) is **dismissed** as moot, as the party has been released from this litigation

due to the Court's order of January 13, 2009. (Doc. No. 118.)

 S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania