IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURIE HAINES and GARY HAINES, individually and as parents and natural guardians of B.H., | : : : | |
|     Plaintiffs | : : | Civil Action No. 1:07-cv-00851 |
| v. | : : | (Chief Judge Kane) |
| FORBES ROAD SCHOOL DISTRICT, and LISA DAVIES, as the Administratrix and Personal Representative of the Estate of David Davies, | : : : : : | |
|     Defendants | : : | |
| . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | : : | |
| PATIENCE WHITMAN, | : | |
|     Plaintiff | : : | Civil Action No. 1:07-cv-00852 |
| v. | : : | (Chief Judge Kane) |
| FORBES ROAD SCHOOL DISTRICT, and LISA DAVIES, as the Administratrix and Personal Representative of the Estate of David Davies, | : : : : : | |
|     Defendants | : | |

**MEMORANDUM**

Before the Court is Plaintiff B.H.'s motion for new trial. (Doc. No. 146.) In her motion, Plaintiff argues that a new trial is required because the jury verdict finding in her favor on the state law battery claim but in Defendant's favor on the federal § 1983 claim is irreconcilable and inconsistent. For the reasons that follow, the Court finds that the jury verdict is not irreconcilable and a new trial is not warranted.

1

I.  **FACTUAL BACKGROUND**

On February 10, 2009, a civil trial began in the case of B.H. versus the Estate of David Davies.[1] At trial, B.H., a teenage student at Forbes Road Junior/Senior High School, testified that her teacher, David Davies, had inappropriately touched her on numerous occasions. Plaintiff alleged a violation of her federal civil rights, as well as the state law torts of assault and battery. She specifically alleged that the inappropriate conduct began in March 2006, when she was in eighth grade, with Mr. Davies touching her leg, tickling her, and making suggestive comments during class. (B.H. Trans. 6-7.) She testified that his behavior progressed such that one day, during lunch, he asked to kiss her. (B.H. Trans. 7.) Although she denied his request, reminding him that he was married to her art teacher and that she was his student, he persisted. (B.H. Trans. 7-8.) B.H. testified that Mr. Davies did eventually kiss her, stick his tongue in her mouth, remove her shirt and bra, put her hand on his penis, and touch her vagina. (B.H. Trans. 10-11, 15-18.) Although Mr. Davies was unavailable to testify due to his untimely death by suicide, counsel for his estate vigorously cross-examined B.H. The cross-examination focused on the out-of-classroom events alleged, challenging B.H. as to why she continued to meet Davies outside of their normal class period if he persisted to sexually assault her. (B.H. Trans. 28-43.)

---

[1] Prior to trial, this case was consolidated with the case of <u>Patience Whitman v. Lisa Davies Black</u>. (Doc. No. 115.) To prevent confusion and to minimize prejudice at trial, Defendant was referred to as the Estate of David Davies, rather than Lisa Davies Black in her capacity as Administratix of the Davies Estate.
At trial, both B.H. and Patience Whitman testified to inappropriate conduct by Mr. Davies. Because the motion for new trial is made only by B.H., the Court recounts only the testimony and facts pertinent to B.H.'s allegations. With regard to Plaintiff Patience Whitman, the jury returned a verdict in her favor on the § 1983 claim and battery claim, but awarded only nominal damages for the § 1983 claim and no damages for the battery claim. (Doc. No. 144 at 3-4, 7-8.)

On February 12, 2009, closing arguments were made and the jury was instructed as to the state law claims of assault and battery and the federal civil rights claim. (Doc. No. 140.) The jury returned a verdict in favor of Defendant as to the alleged civil rights violation, but in favor of B.H. as to the state law claims of assault and battery. (Doc. No. 144 at 1-2, 5-6.) Though the jury found David Davies' conduct toward her to be "outrageous," the jury did not award any compensatory or punitive damages. (Id.)

**II.    DISCUSSION**

Plaintiff moves for a new trial on the basis that the jury verdict, which found Defendant liable for assault and battery but not liable for a § 1983 violation, is "irrationally inconsistent." She argues that because her testimony of unwanted touching, a necessary element of the battery claim, was entirely and exclusively sexual in nature, any jury verdict finding in favor of her battery claim must also have found that her constitutional right to bodily integrity was violated. Defendant reconciles the apparent inconsistency of the jury verdict by disputing that the jury necessarily found all of the alleged touching to be sexual in nature. Defendant argues that Plaintiff's testimony included an allegation that Davies first touched her legs and tickled her, which the jury could have found offensive but not sexual or intimate. Because this is a rational explanation of the different verdict findings and it is supported by Plaintiff's testimony, Plaintiff's motion for new trial will be denied.

Although there is little precedent on the issue of whether a retrial should be granted when a jury renders an inconsistent general verdict, in Mosley v. Wilson, the Third Circuit Court of Appeals set out a trial court's options in such situations. 102 F.3d 85, 90 (3d Cir. 1996) (finding that an inconsistent general verdict rendered by the jury is not covered by Federal Rules of Civil

3

Procedure 49 and 50, and that courts should follow the approach laid out by Justice Stevens' dissent in Los Angeles v. Heller, 475 U.S. 796, 804-06 (1986)). The court first acknowledged that "in certain circumstances," such as when the jury verdict appears to be a result of compromise rather than confusion, "a court retains the authority, even in a civil case, to allow an apparently inconsistent verdict to stand." Id. (quoting Heller, 475 U.S. at 805); see also, Acumed LLC v. Advanced Surgical Servs. Inc., 561 F.3d 199, 218 n.13 (3d Cir. 2009). Next, the court stated that a district court has a "duty to attempt to read the verdict in a manner that will resolve inconsistencies." Id. at 91 (quoting Los Angeles v. Heller, 475 U.S. at 804-06 (Stevens, J., dissenting)). In reviewing the verdict, a court should take care not to substitute its judgment for that of the jury. Lind v. Schenley Indus., 278 F.2d 79, 90 (3d Cir. 1960) (en banc). If the verdict cannot be reconciled, the trial court can either "resubmit the question to the jury" or "order an entirely new trial," but it should not retain only half of the verdict. Id. at 91.

To determine whether the verdict in this case is actually inconsistent, the Court must first review the elements of Plaintiff's § 1983 claim and battery claim. As the Court instructed the jury, a § 1983 claim requires the jury to find that the defendant violated the plaintiff's constitutional rights while acting under color of state law. In this case, the Court instructed the jury:

> To show that David Davies violated plaintiff['s] Fourteenth Amendment rights, plaintiff[] must prove by a preponderance of the evidence that David Davies engaged in sexual or intimate contact with [her] on one or more occasions. Sexual contact includes touching of plaintiff['s] intimate body parts by the actor or having plaintiff touch the actor's intimate body parts. Sexual intercourse or penetration need not be established.

(Jury Instructions Trans. 9.) With regard to the state law claim of battery, the jury was instructed

4

that, to find that Mr. Davies had committed battery, it needed to determine that Mr. Davies "intended to cause a harmful or offensive contact with the body [of B.H.]. . . . [A]nd second, that Davies' act directly resulted in a harmful or offensive contact with [B.H.] . . . . A body contact is offensive if it would offend a reasonable person's sense of dignity." (Jury Instructions Trans. 14.) The claims, then, are not entirely coterminous because the § 1983 claim requires the contact to be sexual in nature, while the state law battery claim only requires the contact to be offensive.[2] Consequently, if the testimony supports a finding that Davies touched B.H. in a way that was offensive without being sexual, the jury verdict is reconcilable and a new trial is not warranted.

Turning now to the question of whether the evidence could support such a finding, B.H. testified that Davies first touched her on the leg during class. Specifically, she said that "[h]e would come up to me while I was sitting in his class and, like, grab my leg or tickle me or just always, like, touched my leg and stuff." (B.H. Trans. 6-7.) B.H. then proceeded to testify to a number of other, more heinous acts perpetrated on her by her former teacher. She testified that Mr. Davies touched her breasts and her vagina, kissed her, and had her touch his penis at other times and locations around the school grounds. (B.H. Trans. 9-12, 15-18.) Opposing counsel vigorously cross-examined this testimony by inquiring as to how B.H. and Mr. Davies would have gotten from building to building, why B.H. would have followed Mr. Davies, the duration

---

[2] This outcome–that a § 1983 violation will not lie for every battery or state law tort claim–is bolstered by case law. The Third Circuit Court of Appeals has characterized the Supreme Court as having "repeatedly warned 'that section 1983 must not be used to duplicate state tort law on the federal level.'" Kaucher v. County of Bucks, 455 F.3d 418, 436 (3d Cir. 2006) (quoting Washington v. District of Columbia, 802 F.2d 1478 (1986)). While courts have determined that sexual assault can rise to the level of a constitutional claim, Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720 (3d Cir. 1989); Haberthur v. City of Raymore, 119 F.3d 720, 723 (8th Cir. 1997), it is not true that all torts are constitutional claims.

of these episodes, and how no one else in the school would have noticed them occurring at the frequency alleged. (B.H. Trans. 29-41.) The jury may have credited Plaintiff's first statement that Mr. Davies touched her on the legs during class but discredited all her other testimony.[3]

Once the jury set aside the allegations of unequivocally sexual touching, the jury may then have concluded that being touched on the leg, during class and in view of other students, did not constitute sexual or intimate contact. Because a touch on the leg is not necessarily sexual or intimate touching, the Court cannot say that such a finding is unsupported by the evidence. Likewise, though the Court or another jury may have come to a radically different conclusion, the Court cannot say that the jury's finding is irrational. Accordingly, the Court finds that the jury verdict is reconcilable, and therefore a new trial is not warranted.

## III. CONCLUSION

For the reasons stated in the above memorandum, Plaintiff's motion for new trial will be denied. An order consistent with this memorandum follows.

---

[3]The jury has the discretion, in judging a witness's credibility to accept part but not all of that person's testimony. The Third Circuit Model Jury Instructions state that the jury "may believe everything a witness says or only part of it or none of it." Third Circuit Model Civil Jury Instructions, R. 1.7 (2007).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURIE HAINES and GARY HAINES, individually and as parents and natural guardians of B.H., <br>     Plaintiffs <br><br> v. <br><br> FORBES ROAD SCHOOL DISTRICT, and LISA DAVIES, as the Administratrix and Personal Representative of the Estate of David Davies, <br>     Defendants | Civil Action No. 1:07-cv-00851 <br><br> (Chief Judge Kane) |
| ................................. | |
| PATIENCE WHITMAN, <br>     Plaintiff <br><br> v. <br><br> FORBES ROAD SCHOOL DISTRICT, and LISA DAVIES, as the Administratrix and Personal Representative of the Estate of David Davies, <br>     Defendants | Civil Action No. 1:07-cv-00852 <br><br> (Chief Judge Kane) |

## **ORDER**

**AND NOW**, this 25th day of August 2009, upon consideration of Plaintiff's motion for new trial (Doc. No. 146), **IT IS HEREBY ORDERED** that the motion is **denied.**

                                             S/ Yvette Kane
                                             Yvette Kane, Chief Judge
                                             United States District Court
                                             Middle District of Pennsylvania